Ronald Jason Palmieri (SBN 96953)
Frank S. Capwell (SBN 234216)
LAW OFFICES OF RONALD JASON PALMIERI, P.C.
1644 North Orange Grove Avenue
Los Angeles, California 90046
Telephone: (323) 882-8225
Facsimile:  (323) 882-8208

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

Attorneys for Defendants Hitman Fight Gear, LLC; Daniel Diaz; Graphic Ink Corp.; Vinnie de la Torre; Dan Caldwell; TapouT, LLC; and Charles Lewis, and Defendant/Counterclaimant Fight Industries, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HERRERA, an individual, | CASE NO. SA CV 08-0709 AG (VBKx) |
| Plaintiff, | **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |
| vs. | |
| HITMAN FIGHT GEAR, LLC, a California Limited Liability Company; DANIEL DIAZ, an individual; GRAPHIC INK, CORP., a California Corporation; VINNIE DE LA TORRE, an individual; FIGHT INDUSTRIES, LLC, a California Limited Liability Company; DAN CALDWELL, an individual; TAPOUT LLC, a California Limited Liability Company; CHARLES LEWIS, an individual;; and DOES 3-10, inclusive, | Hearing Date: **None**<br>Judge: Hon. Andrew J. Guilford<br>Courtroom: 10-D<br>Santa Ana Court House<br>411 West 4th Street<br>    Santa Ana, California 92701 |
| Defendants. | |

# PROTECTIVE ORDER

The Court, having considered the Stipulated Protective Order executed by the parties on or about March 6, 2009, hereby ORDERS as follows:

## I.     APPLICABILITY

Confidential Information produced in this litigation shall be used solely for the purposes of this lawsuit and for no other purpose.  The restrictions herein on the use and disclosure of Confidential Information shall apply to any documents or materials that incorporate, summarize, refer to, or contain Confidential Information produced, exchanged or disclosed in connection with this lawsuit.  Nothing in this Protective Order prevents a party from moving for an additional protective order.

## II.     CATEGORIES AND LIMITATIONS

### A.     "CONFIDENTIAL" DESIGNATION

1.     Any party may designate as "CONFIDENTIAL INFORMATION" any document, deposition testimony, discovery response or other material that the party considers in good faith to be non-public confidential or proprietary information entitled to protection from disclosure to the general public or subject to a legally protected right of privacy or other such right.

A producing party shall designate any document containing Confidential Information by stamping on each page thereof containing Confidential Information the word "CONFIDENTIAL."  In lieu of stamping the original documents, the producing party may stamp the copies that are produced or exchanged.  In lieu of same, the producing party may advise the receiving party at time of production which documents are deemed CONFIDENTIAL by a writing describing said documents at the time of production, or within 5 days after the date thereof. The producing party shall designate other materials containing Confidential Information by stamping or marking them in a similar manner to the extent practicable.  When Confidential Information is produced

in a form not appropriate for such stamping or marking, it shall be designated in writing as Confidential Information at the time it is produced. A party may designate as "CONFIDENTIAL" any documents or materials containing Confidential Information produced by a non-party by providing written notice to all parties and the producing non-party of such designation. After any such designation, such documents and materials shall be fully subject to this Protective Order and treated thereafter according to the new designation.

Any non-party witness or other person, firm or entity from which discovery is sought in this lawsuit may also designate as "CONFIDENTIAL" any documents or material containing Confidential Information produced or testified to by such non-party by designating such documents or material as "CONFIDENTIAL." After such designation, such documents and materials shall be fully subject to this Protective Order and treated thereafter according to the designation.

2. Confidential Information shall not be disclosed to any person or entity other than:

(a) Counsel of record and employees of counsel of record (such as paralegals, clerks, and secretaries) actively engaged in this litigation, and their contractors, including outside copy services and litigation support teams;

(b) Officers, in-house counsel, or other employees of the receiving party who are actively engaged in assisting in the prosecution or defense of this litigation;

(c) Independent consultants and expert witnesses (and the professional secretarial and clerical staff of consultants and experts) who are retained by any party or its trial or in-house counsel to furnish services in connection with this action, subject to the requirements of paragraph (A)(3) below; but only after advance disclosure of the names of their

        experts and consultants has been provided to the other party before allowing disclosure of confidential information to avoid any potential conflicts of interest.

    (d)  Trial and appellate courts for this action, and court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

    (e)  Employees of the party or non-party that produced the designated document or material;

    (f)  Persons who authored, prepared or received the Confidential Information in a context outside this litigation; and

    (g)  Any person who is or may be a witness in this action (other than expert witnesses and consultants) and counsel for such person.  Witnesses shown Confidential Information are not allowed to retain copies.

3. Prior to any person identified in paragraphs (A)(2)(b), (A)(2)(c) or (A)(2)(g), above, receiving another party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed Acknowledgment Of Protective Order And Agreement To Be Bound, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

**B.  "ATTORNEYS' EYES ONLY" DESIGNATION**

1. A party may designate Confidential Information as "ATTORNEYS' EYES ONLY" if that party reasonably and in good faith believes that the material constitutes highly sensitive information and it may be placed at risk of suffering a

competitive or commercial disadvantage or other injury if such Confidential Information is disseminated to another party. A party shall designate Confidential Information as "ATTORNEYS' EYES ONLY" in accordance with the procedures set forth in paragraph 2.

2. Any Confidential Information designated as "ATTORNEYS' EYES ONLY" may not be disclosed to any person or entity other than:

(a) Persons identified in paragraph (A)(2)(a) above;

(b) Persons identified in paragraph (A)(2)(c) above, subject to the requirements of paragraph (A)(3), above;

(c) Persons identified in paragraph (A)(2)(d) above;

(d) Persons identified in Paragraph (A)(2)(f) above.

Absent consent of the producing party, "ATTORNEYS' EYES ONLY" documents and information may be used at deposition only with a witness who is an employee of the producing party or an author or recipient of the document.

### III. GENERAL PROVISIONS

### A. USE OF CONFIDENTIAL INFORMATION

1. Any person receiving Confidential Information pursuant to this Protective Order shall maintain the information as strictly confidential and not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

2. Any person receiving Confidential Information pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe area, and the

recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

  3. This Protective Order does not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial. Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Confidential Information.

  4. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information, provided that the Confidential Information itself or its contents shall not be disclosed except according to the terms of this Protective Order.

  5. Nothing in this Protective Order shall prevent any use by the producing party of the Confidential Information that it produces. Also this Protective Order shall not apply to documents or other information legitimately and independently acquired from a source not subject to this Protective Order.

**B. FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL AND INADVERTENT DISCLOSURE**

  1. Failure of any party to designate Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production as provided above shall not preclude that party from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. A receiving party, however, shall incur no liability for disclosures made prior to notice of such designations. Once the receiving party is provided with notice under this paragraph of re-designation, the receiving party shall make all reasonable efforts to

retrieve all copies of such materials previously disclosed and to prevent further use or disclosure contrary to the terms of this Protective Order.

    2. The inadvertent production of documents or materials containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity from discovery shall be without prejudice to the right of any party to claim that such documents or materials are protected from disclosure and to request that such materials be returned to the disclosing party.

**C.    CONFIDENTIAL INFORMATION FILED WITH THE COURT**

    1. A party seeking to file with the Court any Confidential Information shall take all appropriate steps in accordance with Federal and Local Rules to prevent public disclosure of any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information shall be filed in a sealed envelope or other appropriate sealed container which shall state (i) the title and number of this action, (ii) a general description of the contents of the envelope, and (iii) one of the following statements:

    (a) "CONFIDENTIAL/ SUBJECT TO PROTECTIVE ORDER. In accordance with the Court's Protective Order, this envelope shall be held in confidence under seal and shall not be opened except by order of the Court" or

    (b) "ATTORNEYS' EYES ONLY/SUBJECT TO PROTECTIVE ORDER. In accordance with the Court's Protective Order, this envelope shall be held in confidence under seal and shall not be opened except by order of the Court."

**D.    SUBPOENAS OR DOCUMENT DEMANDS IN OTHER CASES**

    1. If any person or entity possessing Confidential Information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the producing party, and shall, to the extent permitted by law, court rule,

and court order, (1) withhold production of the requested Confidential Information until the producing party permits production, or until a court of competent jurisdiction orders otherwise and (2) allow the producing party to move to quash or limit the subpoena or document demand.

### E. DESIGNATION OF DEPOSITION TRANSCRIPTS AS CONFIDENTIAL

1. Before or during a deposition, and for up to 10 days after receipt of the transcript of that deposition, counsel for any party may designate portions of the deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." This may be done before or after a deposition by sending a letter to counsel for each party specifying the portion of the deposition and the designation to be applied. This may be done during a deposition by a comparable announcement on the record. The designated portions of the deposition shall be appropriately labeled by the court reporter or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript. If deposition testimony is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before or during a deposition, then only authorized recipients as defined hereinabove may attend the designated portion of the deposition. The court reporter or videographer for any such deposition shall be informed of the terms of this Order and shall be subject to its terms.

### F. OTHER

1. Any person receiving Confidential Information pursuant to this Protective Order shall agree to subject himself or herself personally to the jurisdiction of the Court in which this litigation is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

2. This Protective Order shall be without prejudice to the right of any party to oppose production of any information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under

the Federal Rules of Civil Procedure, the Federal Rules of Court, or any applicable local rules or orders of the Court.

3. Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties.

4. Any party serving a subpoena on any non-party shall, upon inquiry by the non-party, provide a copy of this Order to the non-party.

5. Counsel of record shall be required to notify their respective clients (and all persons associated with their respective clients who have access to any Confidential Information) of their responsibilities pursuant to this Order.

6. The terms of this Order shall be in full force and effect for the period of this litigation and shall remain in full force and effect upon resolution of any or all claims in this case.  Unless otherwise ordered by the Court or agreed to in writing by the producing party, each person permitted to review documents or materials containing Confidential Information shall return the documents to the producing party or destroy such documents or materials within thirty (30) days of final resolution of this action, including all appeals, except for work product documents regularly maintained by outside counsel in the ordinary course of business, which records must be protected in conformity with this Order.

**IT IS SO ORDERED. NOTE: re Par. IIIC, compliance with LR 79-5 is required.**

Dated: March 20, 2009                    /s/
                                         Hon. Victor B. Kenton
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2009, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System.

I further certify that on this same date, I caused the attached document to be sent via email to:

BLAKELY LAW GROUP
Attn: Brent Blakely & Cindy Chan
915 North Citrus Avenue
Hollywood, CA 90038
bblakely@blakelylawgroup.com
cchan@blakelylawgroup.com

/s/ Frank S. Capwell
Frank S. Capwell